QUARRIER et al. *v.* RICHARDS et al. Captain and Owners of the Fanny Smith.

In estimating the damages resulting from a collision, a claim for "loss of the use of a vessel, and of the profits which she could and would reasonably have made during her detention," will not be allowed, at least in a case where the collision was not wanton and malicious. The damage is too remote and uncertain.

APPEAL from the Fifth District Court of New Orleans, *Buchanan*, J.. *Garnet Duncan*, for plaintiffs. *Wolfe* and *Singleton*, for defendants. By the court:

SLIDELL, J. The owners of the steamer James Hewitt sued the owners of the steamer Fanny Smith, to recover damages incurred by a collision, which they charge was occasioned by the fault of the defendants.

The case was tried before two juries, each returned a verdict for the plaintiffs. On both occasions, the plaintiffs were dissatisfied with the amount of damages awarded to them. They joined in the application made by the defendants for a new trial after the first verdict, and obtained, on their own application, a new trial after the second verdict. The parties then agreed to try the cause before the district judge, without a jury. He, also, came to a conclusion in favor of plaintiffs, and gave a larger amount of damages than either jury had awarded. The defendants appealed, and the plaintiffs, in their answer to the appeal, ask an increase of damages.

The doctrine has been declared over and over again, in this court, that a party will not be permitted to recover damages for a collision, when his own fault has substantially contributed to cause the disaster. There is no reason to believe, from the record, that any misapprehension existed in the minds of the jurymen on this point; and it is clear, from his written opinion, that there was no such misapprehension in the mind of the district judge. We must therefore conclude, that the two juries, and the district judge, were satisfied that the collision was occasioned by the fault of the defendants, and that they acquitted the plaintiffs of any negligence or mismanagement on their part.

These two verdicts, followed by the opinion of the district judge, are entitled to very great consideration; and, nothing would authorize us to disturb them short of a very clear and positive conviction, that they had misunderstood the evidence, or erred in estimating its weight—in a word, that manifest injustice had been done. An attentive perusal of the testimony, has by no means brought our minds to such a conviction. Indeed, we are not prepared to say, that we would not have drawn the same conclusion which was adopted by the jurors and the district judge, if the cause had been put originally before us, without the assistance of their opinions. It is true, there is some conflict of evidence; but the testimony, we think, preponderates in favor of the proposition, that the Hewitt was in her proper position and pursuing her proper course. On the other hand, although the collision was not wanton on the part of the defendants' steamer, it was produced by causes which ought to have been foreseen, and could have been avoided, with reasonable diligence. It seems the Fanny Smith and the Hewitt were ascending the Mississippi, and were passing through a

QUARRIER
v.
RICHARDS.

chute.  Upon entering it, the Hewitt was, under the circumstances, to be considered as in advance, and was so considered by the pilot of the Fanny Smith, as appears from evidence offered by the defendants themselves.  The course of prudence and usage, as we infer from the evidence, was to let the Hewitt continue in advance through the chute, or at least use very great caution in the attempt to pass her.  Accordingly, it appears that the captain of the Fanny Smith at first determined to keep behind, until the Hewitt got through the chute, and gave corresponding orders.  But this discreet intention, without any sufficient reason that we have been able to discover, was subsequently abandoned, or not duly heeded.  The boat was kept on at a rate of about nine miles per hour.  Coming upon shoal water, the indication of which was apparent, and should have commanded prompt attention, the steamer, after a little while, took a sudden sheer.  Upon the testimony, we are satisfied this consequence ought to have been foreseen, and could have been guarded against by running the boat at a less speed.  The result of the sheer was, that the Fanny Smith ran across towards the Hewitt, and in a brief space of time, being for the moment comparatively uncontrolable by her helm, and there not perhaps being sufficient time to back her engines, her bow struck the Hewitt violently on the larboard guard, a little abaft the shaft, breaking her plummer-block, gallows-frame, &c.

It may be conceded, that it is for the convenience of the public and the interests of commerce, that steam vessels should proceed with rapidity ; but we think that the law will not justify them in proceeding with rapidity under all circumstances, and at all hazards.  Such was the opinion of the Supreme Court of the United States in *Nowlan* v. *Stebbins*, 10 Howard 607 ; and we must say that, however praiseworthy be that spirit of enterprise, described by counsel, which hurries our countrymen on in the rapid execution of whatever they undertake, we ought not to forget that the asfety of human life and property, are also matters of public concern.

It is said by the plaintiffs, that the court below, besides awarding the expense of repairs, should have made an allowance for the general damage, resulting from the violence of the shock, in the opening of seams, starting timbers and joints, throwing machinery out of line, and impairing the general strength and efficiency of the boat.  The evidence upon these points is not sufficiently accurate and specific to enable us to make an assessment, which the district judge did not make, and probably thought he had not the means of making, with reasonable certainty.

Among other items, there is a claim in the petition for $1500 damages for this: "that during the detention for repairs, caused by said collision, the petitioners were deprived of the valuable use of their vessel, and of the profits which she could and would reasonably have made during the detention."  The claim appears to us untenable, at least in a case like the present, where the collision was not wanton and malicious.  See *Blanchard* v. *Ely*, 21 Wendell, 243.  The objections to it are remoteness and uncertainty.

Judgment affirmed, with costs.